Citation Nr: 1641934 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 96-03 025 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for mechanical low back pain with residual muscle strain, to include consideration of an extraschedular rating. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: John C. Betts, Attorney


ATTORNEY FOR THE BOARD

Alexander Panio, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the United States Army from March 1980 to April 1981.
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 1995 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. In May 1997, the Board affirmed the RO's denial of an evaluation in excess of 20 percent on a schedular basis for the Veteran's low back disability, and remanded the case to the RO for consideration of an evaluation on an extraschedular basis. 

In February 1999, the Board denied the Veteran's claim for an increased rating for a low back disability on an extraschedular basis. The Veteran appealed the Board's decision, and in May 2001, the United States Court of Appeals for Veterans Claims (Court) vacated the Board's February 1999 decision, and remanded the issue on appeal so that the Board could have an opportunity to readjudicate the Veteran's claim in light of the Veterans Claims Assistance Act of 2000 (VCAA) and all other applicable laws and regulations. In May 2003 and March 2005, the Board remanded the Veteran's claim.

In October 2005, the Board denied entitlement to an extraschedular rating for mechanical low back pain with residual muscle strain. The Veteran appealed this decision to the Court. In October 2008, the Court remanded the claim back to the Board for compliance with a September 2008 Joint Motion for Remand. Specifically, the September 2008 Joint Motion for Remand found that, while the Board correctly adjudicated whether an extraschedular evaluation was warranted at the time of the October 2005 decision, the Board failed to address whether the Veteran was entitled to an increased rating on a schedular basis. The Board was directed to consider the issue on remand. 

In a May 2009 decision, the Board remanded the claim in order to provide the Veteran with additional notification and development required pursuant to the VCAA. 
The Veteran requested a hearing before an RO official in October 2010, which was scheduled for May 2012 at the Veteran's request, but he did not attend. He then requested a Board hearing and one was scheduled for November 2014. In November 2014, he cancelled the hearing and stated he would instead submit written argument to the Board. Also in November 2014, he sought and was granted an extension of time to submit argument and evidence. Evidence and argument were received at the Board in January 2015. 

In March 2015, the Board again remanded this case for further development. The case has returned to the Board for appellate review.

The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Following issuance of the most recent April 2016 Supplemental Statement of the Case (SSOC), the Veteran submitted correspondence indicating that relevant medical records existed that had not yet been obtained, including treatment at Centerpoint Medical Center and St. Lukes Hospital. See August 2016 VA Form 21-4142. As the Veteran has provided the proper identification and release form for these records, VA must attempt to obtain them before the matter can be properly adjudicated. 38 U.S.C. § 5103A(b); 38 C.F.R. § 3.159(c). Additionally, any outstanding VA treatment records should be obtained and associated with the Veteran's file on remand. See 38 U.S.C.A. § 5103A(c).




Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records. 

2. Obtain all treatment records generated by Centerpoint Medical Center and St. Luke's Hospital. See August 17, 2016 VA Form 21-4142. All efforts to obtain these records should be documented. The unavailability of any records should be so noted in the claims file and the Veteran should be informed of such and provided with an opportunity to submit such reports.

3. Then, after taking any additional development deemed necessary, readjudicate the issues on appeal.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).